The Law Office of Daniel Feder
235 Montgomery Street Suite 1019 ◆ San Francisco, CA 94104

Daniel L. Feder (SBN 130867)
LAW OFFICES OF DANIEL FEDER
235 Montgomery Street Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile: (415) 391-9432
daniel@dfederlaw.com

Attorneys for Plaintiff,
Leslie Avant, on behalf of himself
and all others similarly situated

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

LESLIE AVANT, on behalf of himself and all others similarly situated

Plaintiffs,

v.

VXL ENTERPRISES LLC., a Virginia Company

Defendant.

Case No.:

**Class Action Complaint for:**

1. Willful Misclassification;
2. Failure to Provide Meal and Rest Periods;
3. Failure to Pay all Wages and Overtime;
4. Willful Failure to Pay All Wages Upon Separation;
5. Willful Failure to Provide Accurate Wage Statements;
6. Unfair Business Acts and Practices;
7. Failure to Pay Overtime in Violation of Fair Labor Standards Act, 29 U.S.C. § 201 et seq.;
8. Breach of Written Contract.

**DEMAND FOR JURY TRIAL**

Plaintiff Leslie Avant ("Plaintiff"), individually and on behalf of all similarly situated individuals, alleges the following causes of action against Defendant VXL ENTERPRISES LLC:

**INTORDUCTION**

1. This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff on behalf of himself and all similarly situated persons employed by Defendant, VXL ENTERPRISES LLC. (hereinafter "Defendant" or "VXL ENTERPRISES"), which arise from Defendant's willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. Plaintiffs also seek to bring

The Law Office of Daniel Feder
235 Montgomery Street Suite 1019 ◆ San Francisco, CA 94104

their claims for violations of the California Labor Code §§ 510 and 1194, the California Business & Professional Code §17200, et. seq., and California common law as a state-wide class action pursuant to Fed. R. Civ. P. 23.

2. Plaintiff, and those similarly situated, were subjected to Defendant's policy and practice of misclassifying Plaintiffs as an independent contractors, failing to pay the Plaintiffs a minimum wage and overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) hours during a workweek.

3. Specifically, Plaintiff complains that Defendant misclassified Plaintiff and all other members of the class as independent contractors, as opposed to employees, at all times in which they worked as medical staffs for Defendant. Plaintiffs contend that Defendant failed to pay Plaintiffs the minimum wages and overtime benefits that they were entitled to under applicable federal and state laws. To remedy this practice, Plaintiffs bring this action as a state-wide collective and class action pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 23.

4. The individuals that Plaintiff seeks to represent in this action are current and former professional staffs who were improperly classified by Defendant as independent contractors. Plaintiffs contend that Defendant's improper classification resulted in the failure to properly compensate them with minimum wage and overtime pay as required under applicable federal and state laws.

5. Plaintiffs seek a declaration that their rights, and the rights of the Class, were violated, an award of unpaid wages, an award of liquidated damages, injunctive and declaratory relief, and award of attorneys' fees and costs to make them whole for damages they suffered, and to ensure that they and future workers will not be subjected by Defendant to such illegal conduct in the future.

**PARTIES**

6. Plaintiff is an adult male and is a resident of Florida. At all times relevant herein, Plaintiff worked for VXL ENTERPRISES LLC. as a medical staff from July 7-July 18, 2020. On July 7, 2020, Plaintiff was offered the Paramedic position in Defendant's Tactical Medical Services Prison Support Program. Plaintiff was assigned to California State Correctional Facility, located

The Law Office of Daniel Feder
235 Montgomery Street Suite 1019 ◆ San Francisco, CA 94104

in San Quentin, California. Plaintiff's hourly rate would be $59.26. Plaintiff also would be paid per diem for the duration of days deployed. Defendant would provide transportation, lodgings and meals to Plaintiffs. On or about July 7, 2020, there was a conference call with all the independent contractors and it was advised to Plaintiffs that they would be paid on a "wheels up, wheels down" philosophy, which meant that Plaintiffs would start getting paid the day they left their home residence until they landed back at their home residence. On or about July 9, 2020, Plaintiff was on a plane bound for San Francisco. On or about July 10, 2020, Plaintiff began "orientation" and was instructed to be at the hotel "fire pit" to go to a hotel for prison orientation and following orientation, he was to meet back at the hotel and go to the prison to obtain prison ID. The next day, on or about July 11, 2020, Plaintiff started performing duties as a Paramedic. Plaintiffs were required to be at the hotel "fire pit" at 18:15 for briefings and then proceed to the San Quentin prison to be there at 18:45-19:00 to relieve day shift. The San Quentin operation had anywhere from 40-50 nursing staff, 10-20 physicians, 2 pharmacists, 2 lab technicians and approximately 10-20 Paramedics. All divided between day shift and night shift. Plaintiffs were told that the contract could only pay them for 24 hours split between day shift and night shift so they would only get paid for 12 hours. VXL Enterprises routinely required independent contractor staffs to meet early and could not leave until there was relief. VXL had management staff that would come and have "meetings" with contractors for various reasons to include risk of termination. On Plaintiffs' "shift", their breaks were outlined and no formal lunches or breaks were given. Plaintiffs were expected to maintain 12 hours total inside of the prison walls. Staffs classified as independent contractors were not free to perform work as they wish and were constantly being micromanaged to ensure things were done in the company's way. The line of work that was performed was in line with services that VXL Enterprises provides as VXL advertises a medical services division to include providing "robust ongoing and contingency operation medical support." Plaintiffs were required to be doing work related business that resulted in days greater than 12 hours although they were only compensated for 12 hours. Plaintiffs routinely worked up to 13 hours a day resulting in an approximate 1 hour of unpaid work. Plaintiff did not receive all compensation from VXL Enterprises.

The Law Office of Daniel Feder
235 Montgomery Street Suite 1019 ◆ San Francisco, CA 94104

7. VXL Enterprises willfully misclassified Plaintiffs as independent contractors. Plaintiff, and those similarly situated, are current and/or former staff who were employed by VXL ENTERPRISES to perform work throughout the state of California.

8. The "FLSA Class Members" are all current and former hourly paid staff of Defendant who were misclassified as independent contractors and were not paid all hours worked in the three-year period before the filing of this Complaint to the present.

9. The "California Class Members" are all current and former hourly paid staff of Defendants who were misclassified as independent contractors and were not paid all hours worked in the four-year period before the filing of this Complaint to the present.

10. The FLSA Class Members and California Class Members shall be collectively referred to as "Class Members."

11. Defendant is a company of State of Virginia, with its principal place of business locate at 701 Kenmore Ave STE 230, Fredericksburg, VA 22401.

12. At all material times, Defendant was and is legally responsible for the unlawful conduct, policies, practices, acts, and omissions as described and set forth in this Complaint, as the employer of Plaintiff and the Class Members.

**JURISDICTION & VENUE**

13. This Court has subject-matter jurisdiction over Plaintiffs' FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction."

14. Personal jurisdiction is proper before this Court because Defendant has purposefully availed themselves of the privileges of conducting activities in the state of California and established minimum contacts sufficient to confer jurisdiction.

15. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a) because these claims arise from a common set of operative facts and are so related to the claims within this Court's original jurisdiction that they form a part of the same case or controversy.

16. Venue is proper in the Northern District of California under 28 U.S.C.§1391(b)(2) in that this

The Law Office of Daniel Feder
235 Montgomery Street Suite 1019 ◆ San Francisco, CA 94104

is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

**FAIR LABOR STANDARDS ACT COLLECTIVE ACTION ALLEGATIONS**

17. Plaintiff brings the FLSA collective claim described below on behalf of himself and all other persons similarly situated pursuant to 29 U.S.C. §§ 207 and 216(b), specifically, on behalf of: all Defendant's hourly paid staff who worked in California, who are or were employed within the three years preceding the filing of this action by the Defendant, and who were: (a) misclassified as independent contractors; and/or (b) were not fully compensated for this time worked over forty hours per week at overtime rates (the "FLSA Collective Class").

18. Plaintiff is unable to state the exact number of class members without discovery of Defendant's books and records but estimate the class to exceed several hundreds individuals.

19. Defendant improperly benefited from Plaintiff's and the FLSA Collective Class members' uncompensated work. Defendant failed to pay Plaintiff and members of the FLSA Collective Class time-and-one-half their regular rate of pay for hours worked beyond forty hours in a workweek.

20. Defendant's unlawful conduct has been widespread, repeated and consistent. Moreover, Defendant's conduct was willful and in bad faith and has caused significant damages to Plaintiff and the FLSA Collective Class.

21. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective Class, and, as such, notice should be sent out to the FLSA Collective Class. There are numerous similarly situated, current and former employees of the Defendant who have been denied wages in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the action. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

**CALIFORNIA STATE CLASS ACTION ALLEGATIONS**

22. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the California Class, which is comprised of: All current and former hourly

The Law Office of Daniel Feder
235 Montgomery Street Suite 1019 ◆ San Francisco, CA 94104

paid staff of Defendant who were (1) misclassified as independent contractors; and/or (2) were not fully compensated for this time worked over forty hours per week at overtime rates during at least one week in California in the four-year period before the filing of this Complaint to the present.

23. *Numerosity*. The number of members in the California Class is believed to exceed forty and in fact, is likely to be in the hundreds. This volume makes bringing the claims of each individual member of the class before this Court impracticable. Likewise, joining each individual member of the California Class as a plaintiff in this action is impracticable. Furthermore, the identity of the members of the California Class will be determined from Defendant's records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the California Class and Defendant.

*24. Typicality.* Plaintiff's claims are typical of the California Class because like the members of the California Class, Plaintiff was subject to Defendant's uniform policies and practices and were compensated in the same manner as others in the California Class. Defendant misclassified California Class Members as independent contractors and failed to pay them for all hours worked. Additionally, members of the California Class worked substantially more than eight (8) hours in a day and forty (40) hours in a week as independent contractors. Further, the California Class Members were not paid the correct overtime wages as a result of Defendant incorrectly calculating the regular rates of pay. Moreover, the California Class Members each received wage statements that failed to comply with California law. Thus, Plaintiff and the California Class have been uncompensated and/or under-compensated as a result of Defendant's common policies and practices that failed to comply with California law. As such, Plaintiff's claims are typical of the claims of the California Class. Plaintiff and all members of the California Class sustained damages arising out of and caused by Defendant's common course of conduct in violation of law as alleged herein.

25. *Adequacy.* Plaintiff is a representative party who will fairly and adequately protect the interests of the California Class because it is in his interest to effectively prosecute the claims

The Law Office of Daniel Feder
235 Montgomery Street Suite 1019 ◆ San Francisco, CA 94104

herein alleged in order to obtain the unpaid wages and penalties required under California law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest that may be contrary to or in conflict with the claims of the California Class he seeks to represent.

*26. Commonality.* Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact and law include, but are not limited to:

a. Whether Plaintiff and the California Class are misclassified;

b. Whether Defendant failed to provide Plaintiff and the California Class meal and rest periods;

c. Whether Plaintiff and the California Class are entitled to compensation for the time worked more than eight (8) hours in a day and/or worked more than forty (40) hours in a workweek;

d. Whether Defendant failed to pay Plaintiff and the California Class wages for all hours worked;

e. Whether Defendant failed to include all payments to Plaintiff and California Class in the calculation of the regular rate of pay;

f. Whether Defendant failed to keep accurate records of employees' hours of work, hourly wages, and hourly rates, and failed to timely furnish each Class Member with a statement accurately showing the total number of hours worked, hourly rates, and wages earned each pay period;

g. Whether Defendant failed to timely pay employees unpaid wages and overtime due upon their separation from employment with Defendant;

h. Whether Plaintiff and the California Class are entitled to compensatory damages;

i. The proper measure of damages sustained by Plaintiff and the California Class; and

j. Whether Defendant's conduct was "willful."

*27. Superiority.* A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any member of the California Class could afford to pursue individual litigation against a company the size of Defendant, doing so would unduly

The Law Office of Daniel Feder
235 Montgomery Street Suite 1019 ◆ San Francisco, CA 94104

burden the court system. Individual litigation would magnify the delay and expense to all parties and flood the court system with duplicative lawsuits. Prosecution of separate actions by individual members of the California Class would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendant.

28. Without a class action, Defendant will retain the benefit of its wrongdoing and will continue a course of action that will result in further damages to Plaintiff and the California Class.

**FIRST CLAIM FOR RELIEF**

Willful Misclassification

Violation of Cal. Labor Code § 226.8

On Behalf of Plaintiff and the California Class

29. Plaintiffs incorporate by reference the allegations set forth above as though fully restated herein.

30. The California Labor Code, Section 226.8, prohibits the willful classification of individuals as independent contractors.

31. Defendant entered into Agreements with its professional staff and classified them as independent contractors.

32. As a result of Defendant's foregoing conduct, Plaintiffs seek a declaration from the Court that Defendant has willfully misclassified Plaintiff and Class Members as independent contractors.

**SECOND CLAIM FOR RELIEF**

Failure to provide meal and rest periods and/or Wages in Lieu Thereof

Violation of Cal. Labor Code §§ 226.7 & 512

On Behalf of Plaintiff and the California Class

33. Plaintiffs incorporate by reference the allegations set forth above as though fully restated herein.

34. Defendant was required to provide meal and rest periods in accordance with Cal. Labor. Code § 226.7 and other applicable wage orders.

35. Defendant regularly failed to provide Plaintiff and Class Members with a 30-minute meal

The Law Office of Daniel Feder
235 Montgomery Street Suite 1019 ◆ San Francisco, CA 94104

break before the end of their fifth hour of work.

36. Defendant regularly failed to provide Plaintiff and Class Members with a ten-minute rest break for every four hours worked.

37. As a direct and proximate result of Defendant's failure to provide Plaintiff and Class Members with either meal and rest periods or wages in lieu thereof, Plaintiff and Class Members have been damaged. Plaintiff and Class Members further seek an award of prejudgment interest on the unpaid wages herein.

38. Defendant failed to do so, and as a consequence, Plaintiff and Class Members are entitled to recover an amount to be proven at trial, but not less than one additional hour of pay at the regular rate of compensation for each workday that the meal and/or rest period was not provided, as articulated in Cal. Labor Code § 226.7(b).

39. Plaintiff and Class Members have incurred, and will continue to incur, attorneys' fees and costs in the prosecution of this action, and Plaintiffs therefore seeks attorneys' fees and costs under all applicable provisions of law.

## THIRD CLAIM FOR RELIEF

Failure to Pay all Wages and Overtime

Violation of Cal. Labor Code §§ 204, 510

On Behalf of Plaintiff and the California Class

40. Plaintiffs incorporate by reference the allegations set forth above as though fully restated herein.

41. Under California law, Defendant was required to pay wages for each hour worked, and overtime wages when non-exempt employees work over eight (8) hours a day or forty (40) hours in a week by calculating the hourly rate and then computing the overtime premium amount owed. Plaintiffs worked for Defendant without being paid overtime.

42. As a result of Defendant's violation of statutory mandates to pay employees for statutory wage requirements, as more fully set forth above, Plaintiff and Class Members were damaged.

43. Plaintiff and Class Members seek as damage all wages owed by Defendant. Plaintiffs further seek an award of prejudgment interest on the unpaid wages herein.

The Law Office of Daniel Feder
235 Montgomery Street Suite 1019 ◆ San Francisco, CA 94104

44. Plaintiff and Class Members have incurred, and will continue to incur, attorneys' fees and costs in the prosecution of this action, and Plaintiffs therefore seeks attorneys' fees and costs under all applicable provisions of law.

**FOURTH CLAIM FOR RELIEF**

Willful Failure to Pay all Wages Upon Separation

Violation of Cal. Labor Code § 226.8

On Behalf of Plaintiff and the California Class

45. Plaintiffs incorporate by reference the allegations set forth above as though fully restated herein.

46. Under Labor Code § 226.8, it is unlawful for any person or employer to willfully misclassify an employee as an independent contractor. The statute provides that a person or employer found to have engaged in a pattern or practice of willful misclassification shall be subject to a civil penalty of not less than $10,000 and up to $25,000 for each such violation, in addition to other fines or penalties permitted by law.

47. At all times relevant herein, Defendants have engaged in a continuing pattern and practice of willfully misclassifying all their staff as independent contractors, notwithstanding that under California law, all of these staff have been and are employees of defendants, thereby violating Labor Code § 226.8.

48. Defendants are liable for civil penalties under Labor Code § 226.8 in the amount of not less than $10,000 for each of their staff who has been misclassified as an independent contractor.

49. Unless enjoined by this Court from misclassifying their staff as independent contractors, and from thereby denying these drivers the protections available to employees under the Labor Code and IWC Wage Order 9-2001, defendants will continue to misclassify their staff as independent contractors and thereby continue to deny them the protections available to employees under the Labor Code and IWC Wage Order 9-2001.

50. California Labor Code §§ 201 and 202 require that employers pay all employees all wages immediately upon employer termination or within 72 hours after employee resignation. California Labor Code § 203 provides that in instances that an employer willfully fails to pay all

The Law Office of Daniel Feder
235 Montgomery Street Suite 1019 ◆ San Francisco, CA 94104

wages owing within the proscribed time limits, the employer must continue to pay the subject employee wages until the wages are paid in full. An employee need not prove malice or intentional conduct in establishing a claim for waiting time penalties, but rather must merely establish that the employer did not pay as it was obligated to do.

51. Where an employer willfully fails to pay discharged or resigning employees all wages due as required under the California Labor Code, the employer is liable to such employees under California Labor Code § 203 for waiting time penalties in the amount of one (1) day's compensation at the employees' regular rate of pay for each day the wages are withheld, up to thirty (30) days.

52. During all relevant times, Defendant knowingly and willfully violated California Labor Code §§ 201 and 202 by failing to pay Plaintiff and California Class members who are no longer employed by Defendant all wages owed as alleged herein. Defendant is therefore liable to Plaintiff and California Class members who are no longer employed by Defendant for waiting time penalties as required by California Labor Code §§ 203 and 218.

53. Plaintiff on behalf of himself and on behalf of California Class members who are no longer employed by Defendant, respectfully request that the Court award all waiting time penalties due, and the relief requested below in the Prayer for Relief.

## FIFTH CLAIM FOR RELIEF

Willful Failure to Provide Accurate Wage Statements and Maintain Accurate Pay Records
Violation of Cal. Labor Code § 226(a), (e), (g)
On Behalf of Plaintiff and the California Class

54. Plaintiffs incorporate by reference the allegations set forth above as though fully restated herein.

55. California Labor Code § 226(a) sets forth numerous "accurate" items which a company must furnish to its employees with their paychecks ("paystubs"), and which it must maintain for a period of not less than three years. Included in those items are numerous items that Defendant did not accurately provide and retain. These items include, but are not limited to: (1) a statement of accurate gross wages earned by the employee; (2) a statement of total hours worked the employee;

The Law Office of Daniel Feder
235 Montgomery Street Suite 1019 ◆ San Francisco, CA 94104

(3) a statement of net wages earned; and (4) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee

56. Plaintiffs are informed and believes and thereupon alleges that Defendant's failure to provide accurate information in both paystubs and in its records was a result of Defendant's own knowing and intentional conduct.

57. As a direct and proximate result of Defendant's failure to provide accurate information to Plaintiff and Class Members about working hours and wages owing, Plaintiffs were injured in an amount to be proven at trial, but not less than $50 for the initial pay period in which these violations occurred and an additional $100 per pay period thereafter. Labor Code § 226(e).

58. Defendant's failure to comply with Labor Code § 226(a) further subjects them to civil penalties pursuant to Labor Code § 226.3.

59. Labor Code § 226.3 provides that an employer who violates Labor Code § 226(a) shall be subject to a civil penalty in the amount of $250 per employee per violation of an initial citation and $1,000 per employee per violation in a subsequent citation for which the employer fails to provide the employee a wage statement or fails to keep the records required by Labor Code § 226(a), The civil penalties provided in this section are in addition to any other penalty provided by law.

60. Plaintiff and Class Members have incurred, and will continue to incur, attorneys' fees and costs in the prosecution of this action, and Plaintiffs therefore seeks attorneys' fees and costs under all applicable provisions of law.

**SIXTH CLAIM FOR RELIEF**

Unfair Business Acts and Practices

Cal. Business & Professions Code § 17200 et seq.

On Behalf of Plaintiff and the California Class

61. Plaintiffs incorporate by reference the allegations set forth above as though fully restated herein.

62. Plaintiffs further bring this action pursuant to the Business and Professions Code, sections 17200, et seq., seeking restitution and/or disgorgement of monies owed for regular, minimum, and

The Law Office of Daniel Feder
235 Montgomery Street Suite 1019 ◆ San Francisco, CA 94104

overtime wages, and denial of meal and rest periods.

63. Plaintiffs allege that the following practices of Defendant are unlawful and unfair business practices pursuant to Business and Professions Code §§ 17200, et seq.: 1) misclassifying Plaintiffs; 2) failure to pay Plaintiffs overtime wages; 3) failure to provide Plaintiffs with meal and rest periods and failure to pay wages in lieu thereof; 4) failing to pay Plaintiffs all wages owed upon separation; 5) failing to maintain accurate pay records and to provide employees with adequate paystubs, and 6) unjustly enriching themselves due to the same.

64. The Unfair Competition Law prohibits all unfair competition, which is defined as "any unlawful, unfair or fraudulent business act or practice." Plaintiffs have standing to bring this claim because they have suffered injuries in fact and have lost money as a result of Defendant's unfair competition.

65. Plaintiffs are seeking restitution for Defendant's failure to pay employees regular, minimum and overtime wages, and failure to provide meal and rest periods.

66. Defendant has inequitably and unlawfully conspired, agreed, arranged, and combined to violate California labor laws, as alleged herein.

67. Pursuant to Business and Professions Code §§ 17071 and 17075, the failure of Defendant to pay all wages, including overtime wages, is admissible as evidence of Defendant's intent to violate the California Unfair Practices and Unfair Competition Laws.

68. As a direct and proximate result of the unfair, unlawful, and/or fraudulent business practices alleged herein, through the four-year statute of limitations periods, Plaintiffs have been denied due wages, as well as meal and rest periods, all to their detriment and all to Defendant's illegal economic advantage.

69. Plaintiffs are informed and believe and thereon alleges that, through the acts described in this complaint, Defendant has deceived the public by illegally depriving its employees regular, minimum, and overtime wages, and meal and rest periods, thus injuring its employees.

70. The Business and Professions Code provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Plaintiffs seek restitution and disgorgement of all unpaid wages owing to them, in an amount according to

The Law Office of Daniel Feder
235 Montgomery Street Suite 1019 ◆ San Francisco, CA 94104

proof that the Defendant has enjoyed as a result of the unfair business practices alleged herein.

**SEVENTH CLAIM FOR RELIEF**

Failure to Pay Overtime

Violation of Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

On Behalf of Plaintiff and the FLSA Collective Class

71. Plaintiffs incorporate herein by reference each and every allegation contained in this complaint as though fully set forth herein.

72. At all times relevant to this action, Plaintiffs were "employee[s]" of Defendants within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

73. At all relevant times, Defendant has been, and continue to be, an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U. S.C. § 203. At all relevant times, Defendant has employed and continues to employ, employees, including Plaintiff and the FLSA Class Members, as defined by the FLSA.

74. The FLSA requires each covered employer such as the Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per workweek.

75. Plaintiff and the FLSA Class Members were entitled to be paid overtime compensation for all overtime hours worked at the rate of one and one-half times their regular rate of pay.

76. At all times relevant to this action, Defendants "suffered or permitted" Plaintiffs to work and thus "employed" them within the meaning of the FLSA, 29 U.S.C. § 203(g).

77. At all relevant times, Defendant required and/or permitted Plaintiff and the FLSA Class Members to work in excess of forty (40) hours per workweek. Despite the hours worked by them, Defendant willfully, in bad faith, and knowingly violated the FLSA, failed and refused to pay Plaintiff and the FLSA Class Members the appropriate overtime wages for all compensable time worked in excess of forty (40) hours per workweek. Plaintiff and the Class Members were not paid the full amount of overtime wages due under the FLSA as a result of Defendant's failure to correctly classify Plaintiff and the Class Members. Plaintiff and the Class Members were also not paid the full amount of overtime wages due under the FLSA as a result of Defendant's failure and

The Law Office of Daniel Feder
235 Montgomery Street Suite 1019 ◆ San Francisco, CA 94104

refusal to include all remuneration in the calculation of the regular rate of pay for purposes of paying overtime wages. By failing to compensate Plaintiff and the FLSA Class Members at a rate of not less than one-and-a-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. § 201 et seq., including 29 U.S.C. § 207(a). The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

78. Plaintiff and the FLSA Class Members seek recovery of their damages, unpaid wages, unpaid overtime pay, liquidated damages, attorney's fees, costs and expenses.

## EIGHTH CLAIM FOR RELIEF

Breach of Written Contract

**[AGAINST DEFENDANT]**

79. Plaintiff incorporates by reference the allegations set forth above as though fully restated herein.

80. Defendant and Plaintiff entered into an employment agreement in July 9, 2020. Under that employment agreement, Defendants agreed to pay Plaintiff certain commissions set out in details in the agreement and incorporated herein. (See Exhibit 1). Under Section 14 of the Agreement, Termination

a. This agreement may be terminated by any party hereto upon (14) days advance written notice of such termination.

b. This agreement may be terminated immediately by VxL for "cause." Cause shall include:

i. Contractor's material breach of this agreement;

ii. Contractor's gross negligence in the performance of the Services or intentional nonperformance or mis-performance of such services;

iii. Willful dishonesty, fraud, or misconduct by the contractor with respect to the business or affairs of VXL and that in the reasonable judgment of VXL materially and adversely affects the operations or reputation of VXL.

iv. Conviction of a felony or other crime involving moral turpitude.

v. Failure to complete or receive and approval, license, training, certification, or

The Law Office of Daniel Feder
235 Montgomery Street Suite 1019 ◆ San Francisco, CA 94104

examination required by VXL and/or required as a condition of services rendered.

vi. Refusal by any customers of VXL to work with the contractor.

81. Defendant did not provide Plaintiff (14) days advance written notice of his termination. On or about July 18, 2020, Plaintiff was terminated without explanation. Defendant terminated Plaintiff's contract without advance written notice or just cause.

82. Plaintiff performed all of his job duties under the employment agreement.

83. Defendant breached the agreement by terminating Plaintiff without advance written notice or just cause.

84. Defendant's breach caused Plaintiff economic harm in an amount to be proven at trial.

## PRAYER FOR RELIEF

**Plaintiff, on behalf of himself and the FLSA Collective Class, pray that the Court:**

a. Allow Plaintiff to give notice of this collective action, or that the Court issue such notice, to the FLSA Class Members as defined herein so that such persons shall be informed that this civil action has been filed, of the nature of the action, and of their right to join the FLSA collective suit if they believe they were denied unpaid wages;

b. Certify that this action may proceed as a collective action under 29 U.S.C. § 216(b) and class action under Fed. R. Civ. P. 23;

c. Appointment of Plaintiff's counsel as Lead Counsel for the FLSA Collective Class

d. Order preliminary, permanent, mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with it, from committing in the future those violations of law herein alleged;

e. Find that Defendants' policies and/or practices described above violate the FLSA;

f. An award of damages, liquidated damages, restitution, and/or statutory penalties to be paid by Defendants for the claims alleged herein;

g. An award interest, costs, and expenses, including reasonable attorneys' fees and expert fees; and

h. All such other relief the Court deems just and proper.

**Plaintiff, on behalf of himself and the California Class Members, pray that the Court:**

The Law Office of Daniel Feder
235 Montgomery Street Suite 1019 ◆ San Francisco, CA 94104

a. Certification of this action as a class action pursuant to Federal Rule 23 and the appointment of Plaintiff as the representative of the California Class and Plaintiff's counsel as Lead Counsel for the California Class;

b. An award to Plaintiff and California Class members of damages for the amount of unpaid overtime in addition to interest subject to proof;

c. An award to Plaintiff and California Class members of any waiting time penalties under § 203 et seq. of the California Labor Code;

d. An award to Plaintiff and California Class members of any itemized wage statement penalties under § 226 of the California Labor Code;

e. An award to Plaintiff and California Class members of restitution under the UCL;

f. An award of pre- and post-judgment interest on all monetary relief prayed for above, as may be permitted by law;

g. An award of reasonable attorneys' fees pursuant to sections 226(e) and 1194 of the California Labor Code and/or pursuant to Cal. Code of Civ. Procedure section 1021.5;

h. An award of costs of suit;

i. A declaratory judgment that the practices complained of herein are unlawful under the California Labor Code and/or the UCL, and injunctive relief requiring termination or modification of the unlawful practices challenged in this Complaint, including Defendants' improper requirement that Defendants' Hourly Employees wait in lengthy security clearance lines and/or meetings prior to their clock in without compensation for their time;

j. All such other relief as this Court shall deem just and proper.

Dated: March 23, 2021

**Law Offices of Daniel Feder**

[signature]

**DANIEL FEDER**
Attorneys for
Plaintiff and the putative class

The Law Office of Daniel Feder
235 Montgomery Street Suite 1019 ◆ San Francisco, CA 94104

**DEMAND FOR JURY TRIAL**

Dated: March 22, 2021

**Law Offices of Daniel Feder**

**DANIEL FEDER**
Attorneys for
Plaintiff and the putative class