UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LESLIE AVANT, ET AL.,**<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>**VXL ENTERPRISES LLC, ET AL.,**<br><br>　　　　Defendants. | Case No. 4:21-cv-2016-YGR<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND SETTING DEADLINES FOR NOTICE, OBJECTION, EXCLUSION, AND FINAL FAIRNESS HEARING**<br><br>Re: Dkt. No. 128 |

On June 27, 2023, the Court held a hearing on the unopposed motion of plaintiffs Leslie Avant, Johnnye Duff, and Janelle Hernandez Avitia for the conditional certification of a settlement class in this action; preliminary approval of the parties' proposed settlement; approval of the Class Notice Packet; appointing Class Representatives, Class Counsel, and the proposed Settlement Administrator; and setting a date for the hearing on final approval of the settlement.[1] (Dkt. No. 128, Plaintiff's Motion for Preliminary Approval ("Motion").) Having considered the motion, arguments of counsel, terms of the settlement agreement and the class notice, as well as the record in this case, and based on the reasons set forth herein, the Court **GRANTS** plaintiffs' motion for preliminary approval of class action settlement.

---

[1] At the June 26, 2023, hearing, the Court questioned parties regarding the proposed settlement and identified necessary revisions. Parties were directed to submit an amended complaint and supplemental brief addressing the issues raised by the Court, which they did shortly thereafter. (Dkt. Nos. 135 and 136.)

## I. BACKGROUND

Plaintiffs filed the operative Consolidated Class Action and Collective Complaint on June 6, 2022. (Dkt. No. 93, "CCACC.") Plaintiffs are medical staff who were hired by defendants, VXL Enterprises, LLC, and its CEO, Matthew Crouse, to provide care for inmates in California federal and state prisons during the COVID-19 pandemic. Plaintiffs bring this class action under the Federal Labor Standards ("FLSA"), 29 U.S.C. § 201, *et seq.*, California Labor Code §§ 203, 204, 510, and 1194, and California Business & Professions Code § 17200, *et seq.* Plaintiffs alleged that they were systemically underpaid because VXL misclassified them as independent contractors, rather than full-time employees. In addition, plaintiff Avant brought an individual claim for breach of contract against defendants for early termination of his contract without sufficient notice and/or cause.

The parties engaged in limited discovery before beginning settlement discussions. After several rounds of settlement conferences in front of Magistrate Judge Tse, the parties filed a notice of class settlement on March 30, 2023. This Motion followed shortly thereafter.

### B. Terms of the Settlement Agreement

Under the terms of the Settlement Agreement, defendants will pay $1,200,000 into a common settlement fund, without admitting liability. This sum will be paid out in three annual installments. This amount includes attorneys' fees and costs, the cost of class notice and settlement administration, the class representatives' service awards, as well as $20,000 for plaintiff Avant's individual claim.

In the event that VXL is sold (or any other business combination that would cause VXL to cease to exist), defendants will make any remaining payments at or before the close of the sale and pay an additional $350,000 to the Gross Settlement Amount (increasing the total to $1,550,000). In case of bankruptcy, plaintiffs will also have a priority wage claim.

#### 1. *Attorneys' Fees and Costs*

Under the Settlement Agreement, plaintiffs' counsel seeks up to thirty percent of the Settlement Fund ($360,000), plus out-of-pocket costs and expenses incurred by class counsel, which are currently estimated at $20,000. The Settlement Agreement also includes a provision for settlement administration costs to be paid out of the Settlement Fund. Parties' selected Settlement

2

1  Administrator, Analytics Consulting, LLC, estimates its costs will be $35,000. Lastly, the Settlement
2  Agreement provides for a service award of $5,000 each to be paid to the three class representatives.

### 2. *Class Relief*

After deductions from the common fund for fees, costs, service awards, and plaintiff Avant's individual claim, $750,000 will remain to be distributed on a *pro rata* basis among settlement class members. The average recovery per class member will amount to $7,348.35.

### 3. *Cy Pres/Remainder*

Any uncashed check funds remaining after the final check-cashing deadline (i.e., after the third annual installment) will be paid to an agreed *cy pres* recipient approved by the Court. The parties have proposed the University of California Berkeley's Institute for Research on Labor and Employment. The Settlement Fund is non-revisionary; any funds remaining will be sent to the Court's chosen *cy pres* recipient.

## II. PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

### A. Legal Standard

A court may approve a proposed class action settlement of a certified class only "after a hearing and on finding that it is fair, reasonable, and adequate," and that it meets the requirements for class certification. Fed. R. Civ. P. 23(e)(2). In reviewing the proposed settlement, a court need not address whether the settlement is ideal or the best outcome, but only whether the settlement is fair, free of collusion, and consistent with plaintiff's fiduciary obligations to the class. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998), *overruled on other grounds by Wal-Mart Stories, Inc. v. Dukes*, 564 U.S. 338 (2011). The *Hanlon* court identified the following factors relevant to assessing a settlement proposal: (1) the strength of the plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceeding; (6) the experience and views of counsel; (7) the presence of a government participant; and (8) the reaction of class members to the proposed settlement. *Id.* at 1026 (citation omitted); *see also Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

1    Settlements that occur before formal class certification also "require a higher standard of

2 fairness." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2000). In reviewing such

3 settlements, in addition to considering the above factors, a court also must ensure that "the

4 settlement is not the product of collusion among the negotiating parties." *In re Bluetooth Headset*

5 *Prods. Liab. Litig.*, 654 F.3d 935, 946–47 (9th Cir. 2011).

   **B.    Class Definition and Basis for Conditional Certification**

7    The Amended Settlement Agreement, attached hereto as **Exhibit A**, defines two settlement

8 classes:

- **California Class:** All defendants' hourly paid staff classified by defendants as ACF Clinical Managers, RNs, EMT-Ps, CNA/EMT, EMT, and Lab Techs who were hired and paid by defendants pursuant to a 1099 rather than a W-2 to provide treatment of inmates suffering from COVID-19 at various state and federal prisons in California, and who are or were employed by the defendants between May 1, 2020 and November 30, 2020.

- **California State Prison Sub-Class :** All defendants' hourly paid staff classified by Defendants as ACF Clinical Managers, RNs, EMT-Ps, CAN/EMTs, EMTs, and Lab Techs who were hired and paid by Defendants pursuant to a 1099 rather than a W-2 to provide treatment for inmates suffering from COVID-19 at various state prisons in California, who are or were employed by Defendants between May 1, 2020 and November 30, 2020.

The Court finds that, for purposes of settlement, plaintiffs have satisfied the requirements of Rule 23(a) as well as the requirements for certification under one or more subsections of Rule 23(b). With respect to numerosity under Rule 23(a)(1), the Settlement Class has over 100 members, making it so numerous that joinder of all members is impracticable.

Rule 23(a)(2) commonality requires "questions of fact and law which are common to the class," though all questions of fact and law need not be in common. *Hanlon*, 150 F.3d at 1019. The focus of this action—whether plaintiffs were misclassified as independent contractors—are common to all class members.

4

Rule 23(a)(3) requires that the plaintiff show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Plaintiffs' claims are typical of the claims of settlement class members because they arise from the same course of alleged conduct: like all class members, named plaintiffs were misclassified and therefore subject to the same illegal employment policies and practices. Mr. Avant's settlement for his individual claim, moreover, does not make him an atypical representative. Mr. Avant brought his claim because he was terminated without the required fourteen-days' notice under his contract. Assuming the merits of his misrepresentation claims, damages for lost wages over those fourteen days would equal $12,563. With the potential for punitive damages and taking into account Mr. Avant's general release of his claims against XVL, the $20,000 settlement for his individual claim is appropriate.

With respect to Rule 23(a)(4), the Court finds the representative parties and class counsel have fairly and adequately represented the interests of the Class. No conflicts of interest appear as between plaintiff and the members of the Settlement Class. Class Counsel have substantial experience litigating class action and employment litigation, including wage and hour class actions. On that basis, the Court finds that they are competent in this area and therefore adequate to represent the Settlement Class.

The Settlement Class further satisfies Rule 23(b)(3) in that common issues predominate and "a class action is superior to other available methods for fairly and efficiently adjudicating" the claims here. Resolution of plaintiffs' claims hinge on uniform policies and practices of defendants. As a result, the resolution of these alleged class claims would be achieved through the use of common forms of proof. Furthermore, the superiority requirement is met because the present case will be better handled collectively by way of settlement. This will allow plaintiffs to recover for their relatively modest claims without the risk of extensive litigation. Based on the foregoing, the proposed class is conditionally certified pursuant to Rule 23(c).

Furthermore, the Court had previously conditionally certified the class for FLSA purposes. The Court continues to do so because plaintiffs have demonstrated that all class members were similarly situated—they were all subject to the same employment policies and practices.

**C.     Settlement Agreement Appears Fair and Reasonable**

The Settlement Agreement is granted preliminary approval pursuant to Rule 23(e)(2). Based upon the information before the Court, the Settlement Agreement falls within the range of possible approval as fair, adequate, and reasonable, and there is a sufficient basis for notifying the Class and for setting a Fairness and Final Approval Hearing.

As to the *Hanlon* factors, the Court finds that they indicate the settlement here is fair and reasonable.  Proceeding to trial would have been costly; recovery was not guaranteed; and there was the possibility of protracted appeals. This is particularly true for plaintiffs' meal and rest claims and off-the-clock work claims. Plaintiffs' derivative claims were also subject to a good faith argument and, as such, may not be recoverable. The amount offered in settlement compares favorably to other wage-and-hour settlements approved in California and around the county. Moreover, during settlement negotiations, defendants represented that they had serious financial concerns about their ability to pay any judgment or settlement amount beyond a certain point. The $1,200,000 settlement amount, therefore, takes into consideration the risk of bankruptcy. The amount offered in settlement compares favorably to other wage-and-hour settlements approved in California and around the county.  Counsel for both parties are highly experienced.  The record does not indicate collusion or self-dealing. *See In re Bluetooth*, 654 F.3d at 946-47.  The parties went back and forth on settlement negotiations in front of Magistrate Judge Tse before agreeing to settle.

The Settlement Agreement appears to have been the product of arm's length and informed negotiations.  The relief provided for the Class appears to be adequate, taking into account:

(i) the costs, risks, and delay of trial and appeal;

(ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

(iii) the terms of any proposed award of attorney's fees, including timing of payment; and

(iv) no agreements are required to be identified under Rule 23(e)(3).

Moreover, the Settlement Agreement appears to treat Class members equitably relative to each other.

6

1    Based on the foregoing, the Court conditionally certifies the class and provisionally

2    appoints Daniel L. Feder and Eric Lechtzin of Edelson Lechtzin LLP as Class Counsel and

3    plaintiffs Leslie Avant, Johnnie Duff, and Janelle Hernandez Avitia as class representatives.

**III.    PLAN OF NOTICE, ALLOCATION, AND ADMINISTRATION**

**A.    Notice Plan**

A court must "direct notice [of a proposed class settlement] in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "The class must be notified of a proposed settlement in a manner that does not systematically leave any group without notice." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). Adequate notice requires: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meet all applicable requirements of due process and any other applicable requirements under federal law. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985). Due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

The parties' proposed notice plan appears to be constitutionally sound in that plaintiffs have made a sufficient showing that it is: (i) the best notice practicable; (ii) reasonably calculated, under the circumstances, to apprise the Class members of the proposed settlement and of their right to object or to exclude themselves as provided in the settlement agreement; (iii) reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of due process and any other applicable requirements under federal law.

The Court **APPROVES** the proposed electronic notice, which is attached as **Exhibit B.** This notice is sufficient to inform Class members of the terms of the Settlement Agreement, their rights under the Settlement Agreement, their rights to object to or comment on the Settlement

7

Agreement, their right to receive a payment or opt out of the Settlement Agreement, the process for doing so, and the date and location of the Fairness and Final Approval hearing.

### B. Plan of Allocation

The Court preliminarily approves the proposed plan of allocation set forth in the Motion and class notice. All Settlement Class Members will receive a *pro rata* share of the net settlement amount in three annual installments based upon the following objective formula that takes into account their tenure and payroll records during the relevant time period:

- For each overtime hour worked (i.e. hours worked over 8 hours a day) at Lompoc, a federal facility, based on Defendant's records during the relevant time period, each Settlement Class Member will receive one (1) settlement share
- For each overtime worked (i.e. hours worked over 8 hours a day) at San Quentin, or another California state prison, based on Defendants' records, each Settlement Class Member will receive 1¼ settlement share
- The total number of settlement shares of all Settlement Class Members will be added together, and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Settlement Class Member's number of settlement shares to determine the Settlement Class Member's Settlement Award.

### C. Settlement Administrator

Analytics Consulting, LLC is appointed to act as the Settlement Administrator, pursuant to the terms set forth in the Settlement Agreement. The Settlement Administrator shall distribute the Class Notice according to the notice plan described in the Settlement Agreement and substantially in the form approved herein, no later than **September 6, 2023**. Proof of distribution of the Class Notice shall be filed by the parties in conjunction with the motion for final approval.

Plaintiff is directed to provide to the Settlement Administrator the Class members' contact data as specified by the Settlement Agreement no later than **August 23, 2023**.

### D. Exclusion/Opt-Out

Any Settlement Class Member shall have the right to be excluded from the Settlement Class by mailing a request for exclusion to the Settlement Administrator no later than **November 7, 2023**. As provided in the Notice, Settlement Class Members who wish to exclude themselves from the Settlement must email, submit, or mail, to the Settlement Administrator a written statement indicating that they do not wish to participate or be bound by the Settlement. The

written request for exclusion must contain the Class Member's full name, address, and must be signed individually by the Class Member. No opt-out request may be made on behalf of a group. Such a written statement must be postmarked, submitted, or emailed by the Exclusion Deadline (November 7, 2023). No later than **December 7, 2023**, Class Counsel shall file with the Court a list of all persons or entities who have timely requested exclusion from the Class.

Any Class Member who does not request exclusion from the settlement class as provided above shall be bound by the terms and provisions of the Settlement Agreement upon its final approval, including but not limited to the releases, waivers, and covenants described in the Settlement Agreement, whether or not such person or entity objected to the Settlement Agreement and whether or not such person makes a claim upon the settlement funds.

**E.      Objections**

Any Class Member who has not submitted a timely request for exclusion from the Settlement Agreement shall have the right to object to (1) the Settlement Agreement, (2) the plan of allocation; and/or Class Counsel's motion for attorneys' fees and Class Representative Awards by mailing to the Settlement Administrator a written objection and stating whether they intend to appear at the Fairness Hearing, as set forth in the Class Notice, no later than **November 7, 2023**. Any objection must be personally signed by the objector, must include the objector's name and address, the factual and legal grounds for objection, and whether the objector intents to appear at the Final Approval Hearing. Failure to submit a timely written objection will preclude consideration of the Class Member's later objection at the time of the Fairness Hearing.

Class council will file their responses to any objection by **January 9, 2023.**

**F.      Attorneys' Fees and Class Representative Awards**

Plaintiffs and their counsel shall file their motion for attorneys' fees and for Class Representative awards no later than **October 10, 2023**. Each settlement class member shall have the right to object to the motion for attorneys' fees and Class Representative awards by filing a written objection with the Court no later than **November 7, 2023**, as stated above.

9

**G.     Fairness and Final Approval Hearing**

All briefs, memoranda and papers in support of final approval of the settlement shall be filed no later than **December 19, 2023**.

The Court will conduct a Fairness and Final Approval Hearing on **Tuesday, January 16, 2024, at 2:00 p.m.**, to determine whether the Settlement Agreement should be granted final approval as fair, reasonable, and adequate as to the Class. The Court will hear all evidence and argument necessary to evaluate the Settlement Agreement and will consider Class Counsel's motion for attorneys' fees and for Class Representative awards.

Class members may appear, by counsel or on their own behalf, to be heard in support of or opposition to the Settlement Agreement and Class Counsel's Motion for attorneys' fees and Class Representative awards by filing a Notice of Intention to Appear no later than **November 7, 2023**.

The Court reserves the right to continue the date of the final approval hearing without further notice to Class members.

The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

**H.     Post-Distribution Accounting**

If final approval is granted, the parties will be required to file a Post-Distribution Accounting in accordance with this District's Procedural Guidance for Class Action Settlements and at a date set by the Court at the time of the final approval hearing. Counsel should prepare accordingly.

| Summary of Key Dates | |
| --- | --- |
| **Event** | **Date** |
| Class data to be provided to Settlement Administrator | August 23, 2023 |
| Class Notice to be sent by | September 6, 2023 |
| Class Counsel to file their motion for fees and costs and Class Representative awards | October 10, 2023 |
| Motion for Final Approval to be filed by | December 19, 2023 |
| Postmark deadline to submit objection or request for exclusion | November 7, 2023 |

| Class counsel and settlement administrator to submit supplemental statements regarding status of notice program, objections, opt-outs | December 7, 2023 |
|---|---|
| Fairness and Final Approval Hearing | January 16, 2024<br><br>NOTE: Subject to change without further notice to the Class. |

**IT IS SO ORDERED.**

This terminates Docket No. 128.

Dated: August 16, 2023

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

11