Daniel Feder (SBN 130867)
**LAW OFFICES OF DANIEL FEDER**
235 Montgomery Street Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
daniel@dfederlaw.com

Eric Lechtzin (SBN 248958)
**EDELSON LECHTZIN LLP**
411 S State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
elechtzin@edelson-law.com

Attorneys for Plaintiffs,
and all others similarly situated

The Law Office of Daniel Feder
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA 94104

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE AVANT, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>        vs.<br><br>VXL ENTERPRISES LLC, *et al.*,<br><br>                    Defendants. | Case No. 4:21-cv-02016-YGR<br><br>**PLAINTIFFS' NOTICE MOTION AND MOTION FOR AWARD OF ATTORNEYS' FEES & EXPENSES AND NAMED PLAINTIFFS' SERVICE AWARDS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: January 16, 2024<br>Time: 2:00 p.m.<br>Judge: Hon. Yvonne Gonzalez Rogers<br>Ctrm.: 1 |
| JOHNNYE DUFF, *et al.*,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>VXL ENTERPRISES LLC, *et al*,<br><br>                    Defendants. | |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN that on January 16, 2024, at 2:00 p.m. in Courtroom 1 before Hon. Yvonne Gonzalez Rogers of the United States District Court, Northern District of California, Plaintiffs Leslie Avant, Johnnye Duff and Janelle Hernandez Avitia ("Plaintiffs" or "Named Plaintiffs") shall move this Court for an Order awarding Class Counsel reasonable attorneys' fees and costs and awarding Plaintiffs service awards.

Specifically, Plaintiffs move this Court for an Order awarding Class Counsel reasonable attorneys' fees of 30% (or $360,000) plus reimbursement of actual out-of-pocket costs of $17,798.36.[1] Plaintiffs also move for an Order granting service awards in the amount of $5,000 to each of the three Named Plaintiffs to be paid out of the Gross Settlement Amount in recognition of their service to the Settlement Class.

The Motion is based on this notice, the following Memorandum of Points and Authorities, the Declaration of Eric Lechtzin, the Declaration of Daniel Feder, and all other records, pleadings, and papers on file in this action and such other evidence or argument as may be presented to the Court at the hearing on this Motion.

Dated: October 10, 2023                    Respectfully submitted,


                                           /s/ Eric Lechtzin
                                           Eric Lechtzin (SBN: 248958)
                                           **Edelson Lechtzin LLP**
                                           411 S State Street, Suite N-300
                                           Newtown, PA 18940
                                           Telephone: (215) 867-2399
                                           Facsimile: (267) 685-0676
                                           elechtzin@edelson-law.com

---

[1] Class Counsel also requests that the Court order that in the event of a sale (or any other business combination that would cause VXL to cease to exist), upon which VXL is obligated to pay an additional $350,000 to the Gross Settlement Fund, the Court approve that VXL shall pay an additional thirty percent (30%) of such amount as attorneys' fees minus any additional Settlement Administrator Costs.

The Law Office of Daniel Feder
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA 94104

DANIEL FEDER
**LAW OFFICES OF DANIEL FEDER**
235 Montgomery Street, Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile: (415) 391-9432
daniel@dfederlaw.com

iii

The Law Office of Daniel Feder
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA 94104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................1

II. OVERVIEW OF CLASS COUNSEL'S WORK ON THE CASE ..............................................2

III. ARGUMENT ............................................................................................2

    A. Legal Standard for Fee Awards in Common Fund Cases ……………….…………...2

    B. Class Counsel's Request is Fair and Reasonable under the Percentage of Recovery
    Method …………………………………………………………………………….3

        1. Class Counsel Achieved a Fair, Reasonable, and Adequate Result for the Settlement
        Class……………………………………………..….......................................4

        2. The Risks of Litigating this Case were Substantial…………………………………5

        3. Counsel Have Demonstrated Skill Throughout the Litigation of this Matter and
        Have Background in this Field of Law……………………………………...……7

        4. Class Counsel Undertook a Significant Financial Risk……………………………7

        5. The Requested Fee Award is Equivalent to Awards in Similar Cases…………….8

        6. The Reaction of the Class (or Lack Thereof) Supports the Fee Request…………9

        7. A Lodestar Calculation Confirms the Reasonableness of the
        Requested Fee Award……………………………………………………………9

    C. Reimbursement of Class Counsel's Litigations Costs Should Be
    Approved………………………………………………………………………… 11

    D. The Court Should Approve Service Awards to the Named
    Plaintiffs………………………………………………………………………......12

IV. CONCLUSION……………………………………………………………………14

PLAINTIFFS' NOTICE MOTION AND MOTION FOR AWARD OF AWARD OF ATTORNEYS' FEES & EXPENSES
AND NAMED PLAINTIFFS' SERVICE AWARDS

The Law Office of Daniel Feder
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA 94104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*Alberto v. GMRI, Inc.*,
   252 F.R.D. 652 (E.D. Cal. 2008) ............................................................................... 14

*Alvarez v. Farmers Ins. Exch.*,
   2017 WL 2672710 (N.D. Cal. Jan. 17, 2017) .......................................................... 14

*Anderson v. Nextel Retail Stores, LLC*,
   2010 WL 11506729 (C.D. Cal. June 30, 2010) ....................................................... 11

*Barbosa v. Cargill Meat Sols. Corp.*,
   297 F.R.D. 431 (E.D. Cal. 2013) ................................................................................. 9

*Barnes v. The Equinox Grp., Inc.*,
   2013 WL 3988804 (N.D. Cal. Aug. 2, 2013) ....................................................... 4, 9

*Bautista-Perez v. Juul Labs, Inc.*,
   2022 WL 2239838 (N.D. Cal. June 22, 2022) .......................................................... 3

*Boyd v. Bank of Am. Corp.*,
   2014 WL 6473804 (C.D. Cal. Nov. 18, 2014) .......................................................... 8

*Buccellato v. AT & T Operations, Inc.*,
   2011 WL 3348055 (N.D. Cal. June 30, 2011) ........................................................ 10

*Burden v. SelectQuote Ins. Servs.*, No. C,
   2013 WL 3988771 (N.D. Cal. Aug. 2, 2013) ............................................................ 9

*California v. eBay, Inc.*,
   2015 WL 5168666 (N.D. Cal. Sept. 3, 2015) ............................................................ 5

*Carlin v. DairyAmerica, Inc.*,
   380 F. Supp. 3d 998 (E.D. Cal. 2019) .................................................................. 5, 7

*Cunha v. Hansen Nat. Corp.*,
   2015 WL 12697627 (C.D. Cal. Jan. 29, 2015) ....................................................... 12

*Emetoh v. FedEx Freight, Inc.*,
   2020 WL 6216763 (N.D. Cal. Oct. 22, 2020) ................................................... 11, 13

*Fleming v. Impax Lab'ys Inc.*,
   2022 WL 2789496 (N.D. Cal. July 15, 2022) ......................................................... 11

v

PLAINTIFFS' NOTICE MOTION AND MOTION FOR AWARD OF AWARD OF ATTORNEYS' FEES & EXPENSES
AND NAMED PLAINTIFFS' SERVICE AWARDS

*Frederick v. Range Res.-Appalachia, LLC,*
2011 WL 1045665 (W.D. Pa. Mar. 17, 2011) ............................................. 8

*Freeze v. PVH Corp.,*
2021 WL 2953161 (C.D. Cal. Jan. 7, 2021) ............................................. 7

*Garner v. State Farm Mut. Auto. Ins. Co.,*
2010 WL 1687829 (N.D. Cal. Apr. 22, 2010) ............................................. 7

*Gomez-Gasca v. Future AG Mgmt., Inc.,*
2020 WL 6149688 (N.D. Cal. Oct. 20, 2020) ............................................. 3, 10

*Hall v. Best Buy Co.,*
274 F.R.D. 154 (E.D. Pa. 2011) ............................................. 6

*Harris v. Marhoefer,*
24 F.3d 16 (9th Cir. 1994) ............................................. 12

*Hefler v. Wells Fargo & Co.,*
2018 WL 6619983 (N.D. Cal. Dec. 18, 2018) ............................................. 11

*Hendricks v. Starkist Co,*
2016 WL 5462423 (N.D. Cal. Sept. 29, 2016) ............................................. 3

*Heredia v. Eddie Bauer LLC,*
2020 WL 1492710 (N.D. Cal. Mar. 27, 2020) ............................................. 6

*Hernandez v. Sysco Corp.,*
2020 WL 533005 (N.D. Cal. Feb. 3, 2020) ............................................. 6

*Hightower v. JPMorgan Chase Bank, N.A.,*
2015 WL 9664959 (C.D. Cal. Aug. 4, 2015) ............................................. 4, 5, 8

*Hubbard v. RCM Techs. (USA), Inc.,*
2021 WL 5016058 (N.D. Cal. Oct. 28, 2021) ............................................. 13

*In re Am. Apparel, Inc. S'holder Litig.,*
2014 WL 10212865 (C.D. Cal. July 28, 2014) ............................................. 9

*In re AutoZone, Inc., Wage & Hour Emp. Pracs. Litig.,*
289 F.R.D. 526 (N.D. Cal. 2012) ............................................. 6

*In re Bluetooth Headset Prod. Liab. Litig.,*
654 F.3d 935 (9th Cir. 2011) ............................................. 3

PLAINTIFFS' NOTICE MOTION AND MOTION FOR AWARD OF AWARD OF ATTORNEYS' FEES & EXPENSES AND NAMED PLAINTIFFS' SERVICE AWARDS

The Law Office of Daniel Feder
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA 94104

*In re Immune Response Sec. Litig.*,
    497 F. Supp. 2d 1166 (S.D. Cal. 2007) ........................................................ 12

*In re Nuvelo, Inc. Sec. Litig.*,
    2011 WL 2650592 (N.D. Cal. July 6, 2011) ................................................ 5

*In re Pac. Enterprises Sec. Litig.*,
    47 F.3d 373 (9th Cir. 1995) ........................................................................ 3

*Kastler v. Oh My Green, Inc.*,
    2022 WL 1157491 (N.D. Cal. Apr. 19, 2022) .......................................... 10

*Kelly v. Wengler*,
    822 F.3d 1085 (9th Cir. 2016) .................................................................. 10

*Koike v. Starbucks Corp.*, No. C,
    2008 WL 7796650 (N.D. Cal. June 20, 2008) ........................................... 6

*Lee v. Glob. Tel*link Corp.*,
    2018 WL 4625677 (C.D. Cal. Sept. 24, 2018) ........................................... 8

*Lusby v. GameStop Inc.*,
    2015 WL 1501095 (N.D. Cal. Mar. 31, 2015) ........................................... 9

*Ma v. Covidien Holding, Inc.*,
    2014 WL 360196 (C.D. Cal. Jan. 31, 2014) ............................................... 4

*McKenzie v. Fed. Exp. Corp.*,
    2012 WL 2930201 (C.D. Cal. July 2, 2012) ............................................. 10

*Moreno v. Cap. Bldg. Maint. & Cleaning Servs., Inc.*,
    2021 WL 4133860 (N.D. Cal. Sept. 10, 2021) ......................................... 10

*Morgret v. Applus Techs., Inc.*,
    2015 WL 3466389 (E.D. Cal. June 1, 2015) ............................................ 10

*Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ........................................................ 9, 14

*Nitsch v. DreamWorks Animation SKG Inc.*,
    2017 WL 2423161 (N.D. Cal. June 5, 2017) ............................................ 11

*Philips v. Munchery Inc.*,
    2021 WL 326924 (N.D. Cal. Feb. 1, 2021) .............................................. 11

The Law Office of Daniel Feder ◆ San Francisco, CA 94104

235 Montgomery Street, Suite 1019

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

vii

PLAINTIFFS' NOTICE MOTION AND MOTION FOR AWARD OF AWARD OF ATTORNEYS' FEES & EXPENSES
AND NAMED PLAINTIFFS' SERVICE AWARDS

*Powers v. Eichen,*
    229 F.3d 1249 (9th Cir. 2000) ................................................................ 3

*Radcliffe v. Experian Info. Sols. Inc.,*
    715 F.3d 1157 (9th Cir. 2013) ............................................................... 14

*Reiter v. Sonotone Corp.,*
    442 U.S. 330 (1979) ............................................................................... 7

*Rodriguez v. W. Publ'g Corp.,*
    563 F.3d 948 (9th Cir. 2009) ................................................................ 13

*Roe v. SFBSC Mgmt., LLC,*
    2022 WL 17330847 (N.D. Cal. Nov. 29, 2022) ............................... 4, 5, 8

*Romero v. Producers Dairy Foods, Inc.,*
    2007 WL 3492841 (E.D. Cal. Nov. 14, 2007) ....................................... 8

*Rothe v. Battelle Mem'l Inst.,*
    2021 WL 2588873 (D. Colo. June 24, 2021) ......................................... 5

*Seever v. Carrols Corp.,*
    528 F. Supp. 2d 159 (W.D.N.Y. 2007) .................................................. 6

*Singer v. Becton Dickinson & Co.,*
    2010 WL 2196104 (S.D. Cal. June 1, 2010) .......................................... 9

*Staton v. Boeing Co.,*
    327 F.3d 938 (9th Cir. 2003) ......................................................... Passim

*Vasquez v. Coast Valley Roofing, Inc.,*
    266 F.R.D. 482 (E.D. Cal. 2010) ........................................................... 3

*Villalpando v. Exel Direct Inc.,*
    2016 WL 7785852 (N.D. Cal. Dec. 9, 2016) ....................................... 13

*Vizcaino v. Microsoft Corp.,*
    290 F.3d 1043 (9th Cir. 2002) ........................................................ Passim

*Zamora v. Lyft, Inc.,*
    2018 WL 4657308 (N.D. Cal. Sept. 26, 2018) ................................. 3, 10

PLAINTIFFS' NOTICE MOTION AND MOTION FOR AWARD OF AWARD OF ATTORNEYS' FEES & EXPENSES
AND NAMED PLAINTIFFS' SERVICE AWARDS

The Law Office of Daniel Feder
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA 94104

The Law Office of Daniel Feder ◆ San Francisco, CA 94104
235 Montgomery Street, Suite 1019

**Statutes**

29 U.S.C. § 216(b) ................................................................................................. 11

Cal. Lab. Code § 1194 ........................................................................................... 11

PLAINTIFFS' NOTICE MOTION AND MOTION FOR AWARD OF AWARD OF ATTORNEYS' FEES & EXPENSES
AND NAMED PLAINTIFFS' SERVICE AWARDS

I.    **INTRODUCTION**

Plaintiffs Leslie Avant, Johnnye Duff, and Janelle Hernandez Avitia and their counsel move the Court for recovery of attorneys' fees and costs, as well as approval of service awards to Plaintiffs for their efforts and results obtained for the benefit of the Class.[2]

On August 16, 2023, the Court granted preliminary approval of the non-reversionary Settlement in the amount of $1.2 million to be paid in three annual installments of $400,000.[3] *See* ECF 139. The Settlement provides Class Members with a sum certain payment of amounts and provides an average pre-tax recovery of approximately $7,425.00 per class member based on the net settlement amount (*i.e.*, after deductions for the proposed fees, costs, service awards, Avant's individual contract claim amount, and claims administration expenses) and assuming no Class members request exclusion from the Settlement. Each Class Member will automatically receive a payment without the need for submitting a claim form.

The fee that Class Counsel Edelson Lechtzin LLP ("Edelson Lechtzin") and the Law Offices of Daniel Feder ("Feder Law") (together referred to herein as "Class Counsel") seek here – 30% of the Gross Settlement Amount, equivalent to $360,000 – is within the typical range of attorneys' fees awarded in this Circuit and merits a slight upward adjustment from the 25%

---

[2] Unless otherwise stated, all capitalized terms herein are intended to have the same meaning that they are given in the Amended Settlement Agreement. *See* Amended Settlement Agreement filed at ECF 139-1.

[3] The Settlement also provides that Defendant VXL shall not declare or file for bankruptcy without providing Class Counsel at least fourteen (14) days written notice of its intention to do so and provides a stipulation by VXL that in the event VXL files for bankruptcy, VXL will agree that Plaintiffs and the Settlement Class Members will each have a priority wage claim in the amount of their pro rata portion of the $1.2 million. The Settlement also provides that VXL shall pay an additional $350,000 to the Gross Settlement Fund in the event of a sale (or any other business combination that would cause VXL to cease to exist), which will be distributed up to 30% for Attorneys' Fees and any Settlement Administrator costs. The remaining amount will be distributed to Settlement Class Members. VXL's obligation to pay this amount ends seven (7) days after payment in full of the Gross Settlement Amount.

The Law Office of Daniel Feder
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA 94104

"benchmark" under the factors established for determining fee awards.[4] Class Counsel also seek reimbursement of out-of-pocket costs of $17,798.36, all of which were reasonable and necessary to litigate this case.

Finally, Plaintiffs seek the Court's approval of a service award of $5,000 for each Named Plaintiff as recognition for the key role they played in obtaining relief, as contemplated by the Amended Settlement Agreement. For the reasons set forth below, the Court should award the proposed service award to the Plaintiffs as fair and reasonable compensation for their efforts in bringing this matter for the benefit of others.

## II.    OVERVIEW OF CLASS COUNSEL'S WORK ON THE CASE

Since the first Complaint was filed in this Action, Class Counsel have devoted 711.5 hours to the prosecution of this action, with a combined lodestar amount of $588.827. *See* Declaration of Eric Lechtzin ("Lechtzin Decl."), ¶ 16; Declaration of Daniel Feder ("Feder Decl."), ¶ 8. Class Counsel diligently litigated this case, engaging in discovery and motion practice as needed to prosecute the claims, while also demonstrating a willingness to participate in attempts to settle the Action. The procedural history of this action has been documented in Plaintiffs' Motion for Preliminary Approval of Settlement ("Preliminary Approval Motion"). *See* ECF 128. Pursuant to the U.S. District Court for the Northern District of California Procedural Guidance for Class Action Settlements, the full procedural history and background facts will be set forth in Plaintiffs' Motion for Final Approval of the Settlement.

## III.    ARGUMENT

### A.  Legal Standard For Fee Awards In Common Fund Cases

In a class action settlement, a court may award reasonable attorneys' fees and nontaxable costs that are authorized by law or by the parties' agreement. Fed. R. Civ. P. 23(h). Courts have the power to award reasonable attorneys' fees and costs where, as here, a litigant proceeding in a

---

[4] Additionally, Class Counsel requests up to 30% minus any additional Settlement Administrator costs of the additional $350,000 that would be added to the Gross Settlement Fund in the event of a sale (or any other business combination that would cause VXL to cease to exist).

representative capacity secures a "substantial benefit" for a class of persons. *See*, *e.g.*, *Hendricks v. Starkist Co*, No. 13-cv-00729-HSG, 2016 WL 5462423, at *10 (N.D. Cal. Sept. 29, 2016); *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003). Where, as here, "a settlement produces a common fund for the benefit of the entire class, courts have discretion to employ either the lodestar method or the percentage-of-recovery method" to assess the reasonableness of the fee award. *In re Bluetooth Headset Prod. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). *See also Gomez-Gasca v. Future AG Mgmt., Inc.*, No. 19-CV-2359-YGR, 2020 WL 6149688, at *4 (N.D. Cal. Oct. 20, 2020) (Gonzalez Rogers, J.) ("The Court analyzes an attorneys' fee request based on either the 'lodestar' method or a percentage of the total settlement fund made available to the class, including costs, fees, and injunctive relief.") (*citing Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002)).

**B. Class Counsel's Fee Request is Fair and Reasonable under the Percentage of Recovery Method**

"The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33 1/3% of the total settlement value, with 25% considered the benchmark." *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 491–492 (E.D. Cal. 2010) (granting 33.3% fee award and collecting cases) (citing *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000)); *Staton*, 327 F.3d at 952. However, the exact percentage varies depending on the facts of the case, and in "most common fund cases, the award exceeds that benchmark." *Vasquez*, 266 F.R.D. at 491–492 (citations omitted); *In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming award of 33% of $12 million common fund).

Courts in the Ninth Circuit routinely approve payments of attorneys' fees greater than the 25% benchmark, including in wage and hour class actions. *See*, *e.g.*, *Gomez-Gasca v. Future AG Mgmt., Inc.*, No. 19-CV-2359-YGR, 2020 WL 6149688, at *5 (N.D. Cal. Oct. 20, 2020) (Gonzalez Rogers, J.) (granting fee award equal to 30% of the gross settlement amount); *Bautista-Perez v. Juul Labs, Inc.*, No. 20-CV-01613-HSG, 2022 WL 2239838, at *9 (N.D. Cal. June 22, 2022) (granting fee award of 30%, or $525,000, of the gross settlement amount); *Zamora v. Lyft, Inc.*,

PLAINTIFFS' NOTICE MOTION AND MOTION FOR AWARD OF AWARD OF ATTORNEYS' FEES & EXPENSES
AND NAMED PLAINTIFFS' SERVICE AWARDS

The Law Office of Daniel Feder ◆ San Francisco, CA 94104
235 Montgomery Street, Suite 1019

No. 3:16-CV-02558-VC, 2018 WL 4657308, at *3 (N.D. Cal. Sept. 26, 2018) (one-third award is "consistent with the Ninth Circuit authority and the practice in this District.")

The Ninth Circuit has identified certain factors that may be relevant in determining whether the requested fee is "reasonable" under the "circumstances of the case," including: (1) the results achieved; (2) the risk of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee and the financial burden carried by the Plaintiff; and (5) awards made in similar cases. *Vizcaino*, 290 F.3d at 1048–1050; *see also Hightower v. JPMorgan Chase Bank, N.A.*, No. CV111802PSGPLAX, 2015 WL 9664959, at *11 (C.D. Cal. Aug. 4, 2015) (citing *Vizcaino*, 290 F.3d at 1048–50). Other courts have considered two additional factors: (6) reactions from the class; and, in its discretion, (7) a lodestar cross-check. *See Barnes v. The Equinox Grp., Inc.*, No. C 10-3586 LB, 2013 WL 3988804, at *4 (N.D. Cal. Aug. 2, 2013).

**1.      Class Counsel Achieved a Fair, Reasonable, and Adequate Result for the Settlement Class**

The Settlement Agreement preliminary approved by the Court resolves the claims of the 101 Class Members for a total non-reversionary settlement of $1,200,000 to be paid in three annual installments. The Settlement provides Class Members with an average recovery pretax of approximately $7,425.00 per Class Member (this amount divides the net recovery by total number of Class Members). Lechtzin Decl., ¶ 9. In light of the risks, described below, the settlement amount is fair, reasonable, and adequate and within the average recovery. *See* Dkt. 139 (granting preliminary approval of the settlement, noting: "The amount offered in settlement compares favorably to other wage-and-hour-settlements approved in California and around the count[r]y."); *Roe v. SFBSC Mgmt., LLC*, No. 14-CV-03616-LB, 2022 WL 17330847, at *20 (N.D. Cal. Nov. 29, 2022) (granting final approval of a settlement in which class members received an estimated average recovery of $274.35 (5% of the average damages per dancer), plus injunctive relief for claims related to misclassification of class members as independent contractors ); *Ma v. Covidien Holding, Inc.*, No. SACV 12-02161-DOC, 2014 WL 360196, at *5 (C.D. Cal. Jan. 31, 2014) (finding that settlement providing "9.1% of the total value of the action [was] 'within the range of

PLAINTIFFS' NOTICE MOTION AND MOTION FOR AWARD OF AWARD OF ATTORNEYS' FEES & EXPENSES AND NAMED PLAINTIFFS' SERVICE AWARDS

The Law Office of Daniel Feder
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA 94104

reasonableness,' " where settlement provided approximately $2,500/person for 974 class members, before fees, costs and enhancements were subtracted).[5]

Courts have also recognized the benefits to class members of receiving payments sooner rather than later, where litigation could extend for years on end, thus significantly delaying any payments to class members. *See California v. eBay, Inc.*, No. 5:12-CV-05874-EJD, 2015 WL 5168666, at *4 (N.D. Cal. Sept. 3, 2015) ("Since a negotiated resolution provides for a certain recovery in the face of uncertainty in litigation, this factor weighs in favor of settlement"); *Rothe v. Battelle Mem'l Inst.*, No. 1:18-CV-03179-RBJ, 2021 WL 2588873, at *6 (D. Colo. June 24, 2021) ("it is prudent for the parties to 'take the bird in the hand instead of a prospective flock in the bush.'") (citation omitted).

Thus, this *Vizcaino* factor supports the reasonableness of the 30% attorneys' fee award.

## 2.      The Risks of Litigating this Case Were Substantial

"Risk is a relevant circumstance." *Carlin v. DairyAmerica, Inc.*, 380 F. Supp. 3d 998, 1020 (E.D. Cal. 2019) (citing *Vizcaino*, 290 F.3d at 1048, and awarding 33 1/3% fee). There are many risks inherent in litigating a class action, including: class certification, decertification, a decision on the merits, potential appeals, and Defendants' inability to satisfy a judgment. Each of these events can result in no recovery whatsoever to Class Members or Class Counsel. Courts routinely find that this factor supports a fee request above the benchmark. *See Hightower*, 2015 WL 9664959, at *11 (approving 30% fee request in part because "the risk of no recovery for Plaintiff, as well as for Class Counsel, if they continued to litigate, were very real"); *In re Nuvelo, Inc. Sec. Litig.*, No. C 07-04056 CRB, 2011 WL 2650592, at *2 (N.D. Cal. July 6, 2011) (approving 30% fee request and noting that"[i]t is an established practice to reward attorneys who assume representation on a contingent basis with an enhanced fee to compensate them for the risk that they

---

[5] In *Roe*, 2022 WL 17330847, the settlement recovered is approximately 14% of the total damages of $6.5 million when including the value of the injunctive relief. By comparison, Plaintiffs' settlement provides approximately $7,425.00 per Class Member and approximately 15.8% of total potential damages.

PLAINTIFFS' NOTICE MOTION AND MOTION FOR AWARD OF AWARD OF ATTORNEYS' FEES & EXPENSES
AND NAMED PLAINTIFFS' SERVICE AWARDS

The Law Office of Daniel Feder
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA 94104

The Law Office of Daniel Feder ◆ San Francisco, CA 94104
235 Montgomery Street, Suite 1019

1    might be paid nothing at all").

2         Recovery of alleged damages and penalties at trial would require complete success and

3    certification of all of Plaintiffs' claims, which would be a difficult and uncertain accomplishment.

4    Lechtzin Decl., ¶¶ 10-12. Plaintiffs' meal and rest break claims and off-the-clock work claims

5    would be particularly challenging as Plaintiffs would be forced to rely upon workers' testimony

6    (which may be conflicting) to prove such claims. *See*, *e.g.*, *Seever v. Carrols Corp.*, 528 F. Supp.

7    2d 159, 169 (W.D.N.Y. 2007) (observing "plaintiffs' claims that they worked off-the-clock ... are

8    supported solely by the testimony of plaintiffs themselves ... which vary dramatically between the

9    plaintiffs and are uncorroborated by any other evidence."); *Hall v. Best Buy Co.*, 274 F.R.D. 154,

10   170 (E.D. Pa. 2011) (concluding that there "existed substantial barriers to proving liability for off-

11   the-clock work" that was unsupported by video tape evidence); *Koike v. Starbucks Corp.*, No. C

12   06-3215 VRW, 2008 WL 7796650, at *9 (N.D. Cal. June 20, 2008), *aff'd,* 378 F. App'x 659 (9th

13   Cir. 2010) (lack of common proof of off-the-clock overtime was fatal to such claims). *See also*

14   *Heredia v. Eddie Bauer LLC*, No. 16-CV-06236-BLF, 2020 WL 1492710, at *1 (N.D. Cal. Mar.

15   27, 2020) (noting decertification of the class based on variations in the employees' experiences

16   regarding exit inspections); *In re AutoZone, Inc., Wage & Hour Emp. Pracs. Litig.*, 289 F.R.D.

17   526, 539 (N.D. Cal. 2012), *aff'd,* 789 F. App'x 9 (9th Cir. 2019) (finding common issues did not

18   predominate where there was no common answer to the question of why off-the-clock work

19   occurred, and pointing to putative class member declarations attesting to never having performed

20   or reported any off-the-clock work); *Hernandez v. Sysco Corp.*, No. 16-CV-06723-JSC, 2020 WL

21   533005, at *8 (N.D. Cal. Feb. 3, 2020) (denying certification of meal and rest break classes, noting

22   that "Courts routinely decline to certify meal and rest break classes" due to individualized issues).

23        Finally, there was a substantial risk related to Defendants' financial ability to pay.

24   Specifically, Defendants represented that they had serious financial concerns about their ability to

25   pay any judgment or settlement amount beyond a certain point. Lechtzin Decl. ¶¶ 7-8.

26

27

28

PLAINTIFFS' NOTICE MOTION AND MOTION FOR AWARD OF AWARD OF ATTORNEYS' FEES & EXPENSES
AND NAMED PLAINTIFFS' SERVICE AWARDS

**3.  Counsel Have Demonstrated Skill Throughout the Litigation of this Matter and Have Background in this Field of Law**

Prosecuting class actions requires an "extraordinary commitment of time, resources, and energy from Class Counsel," and many times, settlements "simply [are not] possible but for the commitment and skill of Class Counsel." *Garner v. State Farm Mut. Auto. Ins. Co.*, No. CV 08 1365 CW, 2010 WL 1687829, at *2 (N.D. Cal. Apr. 22, 2010). *See also Freeze v. PVH Corp.*, No. CV 19-1694 PSG (EX), 2021 WL 2953161, at *8 (C.D. Cal. Jan. 7, 2021) (finding the skill displayed by Class Counsel in successfully negotiating a settlement after mediation "without wasted effort or years of needless, costly litigation," weighed in favor of a slight upward departure from the 25 percent benchmark.)

Here, Class Members have been represented by counsel who have extensive experience in class action and employment litigation, including wage and hour class actions. Lechtzin Decl. ¶¶ 3, Exhibit A (resume). Feder Decl. ¶ 2. Class Counsel's expertise in this area of law, coupled with their willingness to take on risky cases, justify the fee request.

**4.  Class Counsel Undertook a Significant Financial Risk**

The contingent nature of the fee considers "the burdens class counsel experienced while litigating the case (e.g., cost, duration, foregoing other work)" and weighs in favor of granting the requested fee award. *Carlin*, 380 F. Supp. 3d at 1021. Substantial fee awards encourage attorneys to incur the risks of litigating cases on behalf of clients who cannot pay hourly rates and would therefore not otherwise have realistic access to courts. That access is particularly important for the effective enforcement of public protection statutes, such as the wage laws at issue here. *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 344 (1979) ("private suits provide a significant supplement to the limited resources available to [government enforcement agencies] for enforcing [public protection] laws and deterring violations."). By incentivizing plaintiff's attorneys to take on risky and important litigation, fee awards serve an important purpose.

Here, Class Counsel undertook the risk of this litigation on a completely contingent fee basis, expending time and incurring expenses with the understanding that there was no guarantee of compensation or reimbursement. Moreover, while Class Counsel has always been prepared to

The Law Office of Daniel Feder
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA 94104

The Law Office of Daniel Feder
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA 94104

advance as many resources and as much time as is necessary to effectively litigate a case, financial burdens are heavier on small practices such as Class Counsel's law firms than on larger ones. *See*, *e.g.*, *Lee v. Glob. Tel\*link Corp.*, No. 215CV02495ODWPLA, 2018 WL 4625677, at \*11 (C.D. Cal. Sept. 24, 2018) (awarding lodestar multiplier of 3.0 and noting that "class counsel are both small firms and litigated this contingency fee case for approximately two years without any guarantee of payment."); *Boyd v. Bank of Am. Corp.*, No. SACV 13-0561-DOC, 2014 WL 6473804, at \*10 (C.D. Cal. Nov. 18, 2014) ("Both of the firms representing the Class are small firms with fewer than fifteen attorneys. Firms of this size face even greater risks in litigating large class actions with no guarantee of payment. The Court finds that the considerable risk in this case due to the uncertain legal terrain, coupled with Counsel's contingency fee arrangement, weigh in favor of an increase from the benchmark rate.... Decisions in analogous wage and hour suits have found awards of one third of the common fund appropriate."); *Frederick v. Range Res.-Appalachia, LLC*, No. C.A. 08-288 ERIE, 2011 WL 1045665, at \*12 (W.D. Pa. Mar. 17, 2011) (noting that counsel's work on the case was "a significant investment of time and resources, particularly considering that counsel is a sole practitioner.")

The contingent nature of litigating a class action and the financial burden assumed justifies the requested fee, as Class Counsel litigated with no payment and no guarantee that the time or money expended would result in any recovery.[6]

**5.     The Requested Fee Award is Equivalent to Awards in Similar Cases**

Many fee awards in class settlements of common fund wage and hour action in this Circuit exceed the 25% benchmark. *See*, *e.g.*, *Roe*, 2022 WL 17330847, at \*20 (granting fee award of 33% in wage and hour case alleging misclassification of dancers as independent contractors); *Romero v. Producers Dairy Foods, Inc.*, No. 1:05CV0484 DLB, 2007 WL 3492841, at \*4 (E.D. Cal. Nov. 14,

---

[6] *See Hightower*, 2015 WL 9664959, at \*10 ("any law firm undertaking representation of a large number of affected employees in wage and hour actions inevitably must be prepared to make a tremendous investment of time, energy, and resources with the very real possibility of an unsuccessful outcome and no fee recovery of any kind.") (internal quotations omitted) (citing *Vizcaino*, 290 F.3d at 1051).

2007) (in a wage and hour action class actions, fee awards "average around one-third of the recovery" and awarding fees in that amount) (citing 4 Newberg and Conte, Newberg on Class Actions § 14.6 (4th ed. 2007)); *Lusby v. GameStop Inc.*, No. C12-03783 HRL, 2015 WL 1501095, at *9 (N.D. Cal. Mar. 31, 2015) (in wage and hour action, awarding fees in the amount of one-third of common fund); *Burden v. SelectQuote Ins. Servs.*, No. C 10-5966 LB, 2013 WL 3988771, at *4 (N.D. Cal. Aug. 2, 2013) (same, also noting that "[a]warding fees at a rate higher than the 25% benchmark is appropriate in cases involving a relatively small settlement fund"); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 450 (E.D. Cal. 2013) (same); *Barnes*, 2013 WL 3988804, at *4; (same); *Singer v. Becton Dickinson & Co.*, No. 08-CV-821-IEG (BLM), 2010 WL 2196104, at *8 (S.D. Cal. June 1, 2010) (same). These similar cases further support Plaintiffs' request.

**6.    The Reaction of the Class (or Lack Thereof) Supports the Fee Request**

"It is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members." *Nat'l Rural Telecommunications Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 528–29 (C.D. Cal. 2004). Here, notice of the Settlement was sent via regular mail and email to 101 Settlement Class Members on September 6, 2023. Lechtzin Decl. ¶ 6. As of this date, October 9, 2023, halfway through the notice period, not one Class Member has objected to the Settlement, and not one Class Member has requested exclusion. *Id*. The lack of objections by Class Members to the Settlement or the fee provision further supports the reasonableness of Class Counsel's request for attorneys' fees.

**7.    A Lodestar Calculation Confirms the Reasonableness of the Requested Fee Award**

"In cases where courts apply the percentage-of-the-fund method to calculate fees, they should use a rough calculation of the lodestar as a cross-check to assess the reasonableness of the percentage award." *In re Am. Apparel, Inc. S'holder Litig..*, No. CV1006352MMMJCGX, 2014 WL 10212865, at *20 (C.D. Cal. July 28, 2014); *Vizcaino*, 290 F.3d at 1050 ("the lodestar may provide a useful perspective on the reasonableness of a given percentage award"). The lodestar is

The Law Office of Daniel Feder
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA  94104

calculated by "multipl[ying] the number of hours reasonably expended by the reasonable hourly rate." *Gomez-Gasca*, 2020 WL 6149688, at *4; *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) ("[A] court calculates the lodestar figure by multiplying the number of hours reasonably expended on a case by a reasonable hourly rate."). As detailed in Class Counsel's accompanying declarations and charts, Class Counsel has, to date, collectively spent 711.5 hours litigating this case, for a current lodestar of $588,827. This figure does not include time spent preparing this Motion, nor does it include the additional time that will be spent responding to Class Member inquiries regarding the settlement over the next two months, preparing the motion for final approval, and attending the final approval hearing. This amount exceeds the requested fee, further supporting this Motion. *See Zamora*, 2018 WL 4657308, at *3 (finding that "lodestar multiplier of 0.86 strongly supports the 33 1/3% fee award"); *Moreno v. Cap. Bldg. Maint. & Cleaning Servs., Inc.*, No. 19-CV-07087-DMR, 2021 WL 4133860, at *6 (N.D. Cal. Sept. 10, 2021) ("A negative multiplier 'strongly suggests the reasonableness of [a] negotiated fee.'") (citation omitted); *Kastler v. Oh My Green, Inc.*, No. 19-CV-02411-HSG, 2022 WL 1157491, at *8 (N.D. Cal. Apr. 19, 2022) (granting requested fee award which was approximately one-third of the Gross Settlement Fund, stating "Plaintiffs' counsel took the case on a contingency fee basis with the risk of no payment should Defendant become insolvent. The Court is also aware that continued litigation presents significant risk of zero recovery for both Class Members and attorneys. Most significantly, the requested award is a negative multiplier of the lodestar.")[7]

---

[7] Moreover, Class Counsel are not requesting a multiplier on their lodestar, and in fact, are seeking substantially less than their lodestar. In contrast, courts frequently approve attorneys' fee requests in which the lodestar multiplier is several times the attorneys' fees. *See, e.g.*, *Vizcaino*, 290 F.3d at 1051, n. 6 (affirming district court's percentage based fee award that represented multiplier of 3.65 and noting that "most" multipliers in common fund cases range from 1.0 to 4.0); *McKenzie v. Fed. Exp. Corp.*, No. CV 10-02420 GAF PLAX, 2012 WL 2930201, at *10 (C.D. Cal. July 2, 2012) (in wage and hour action, approving percentage-based fee award that represented multiplier of 3.2); *Morgret v. Applus Techs., Inc.*, No. 1:13-CV-01801-JLT, 2015 WL 3466389, at *17 (E.D. Cal. June 1, 2015) (in wage and hour action, approving percentage-based fee award that represented multiplier of 3.9); *Buccellato v. AT & T Operations, Inc.*, No. C10-00463-LHK, 2011 WL 3348055, at *2 (N.D. Cal. June 30, 2011) (in wage and hour action, approving percentage-based

PLAINTIFFS' NOTICE MOTION AND MOTION FOR AWARD OF AWARD OF ATTORNEYS' FEES & EXPENSES AND NAMED PLAINTIFFS' SERVICE AWARDS

The Law Office of Daniel Feder ◆ San Francisco, CA 94104
235 Montgomery Street, Suite 1019

The Law Office of Daniel Feder

235 Montgomery Street, Suite 1019 ◆ San Francisco, CA  94104

1    Both the hourly rates and the associated hours are reasonable. As to the rates, the Court

2    must determine "prevailing market rates in the relevant community," with the relevant community

3    being "the forum district." *Anderson v. Nextel Retail Stores, LLC*, No. CV074480SVWFFMX,

4    2010 WL 11506729, at *2 (C.D. Cal. June 30, 2010) ("the Court must determine 'prevailing

5    market rates in the relevant community. [] The relevant community includes 'attorneys practicing

6    in the forum district'—that is, the Central District of California.") (citations omitted).

7    Class Counsel's hourly rates are comparable to, or lower than, rates charged by other law

8    firms in California prosecuting claims on behalf of workers and consumers. For example, in *Nitsch

9    v. DreamWorks Animation SKG Inc.*, No. 14-CV-04062-LHK, 2017 WL 2423161, at *9 (N.D. Cal.

10   June 5, 2017), the court found that hourly rates of up to $1,200 per hour—above Class Counsel's

11   hourly rates here—for plaintiffs' class action lawyers based in California were "fair, reasonable,

12   and market-based, particularly for the 'relevant community' in which counsel work." *See also

13   Fleming v. Impax Lab'ys Inc.*, No. 16-CV-06557-HSG, 2022 WL 2789496, at *9 (N.D. Cal. July

14   15, 2022) (hourly rates range from $760 to $1,325 for partners, $895 to $1,150 for counsel, and

15   $175 to $520 for associates); *Philips v. Munchery Inc.*, No. 19-CV-00469-JSC, 2021 WL 326924,

16   at *10 (N.D. Cal. Feb. 1, 2021) (finding rates of $650 and $950 for attorneys practicing between

17   15-30 years reasonable); *Hefler v. Wells Fargo & Co.*, No. 16-CV-05479-JST, 2018 WL 6619983,

18   at *14 (N.D. Cal. Dec. 18, 2018), *aff'd sub nom. Hefler v. Pekoc*, 802 F. App'x 285 (9th Cir. 2020)

19   (rates from $650 to $1,250 for partners or senior counsel were reasonable).

20   **C.    Reimbursement of Class Counsel's Litigation Costs Should Be Approved**

21   In addition to being entitled to reasonable attorneys' fees, the FLSA and California Labor

22   Code both provide for the reimbursement of costs. *See* 29 U.S.C. § 216(b); Cal. Lab. Code § 1194;

23   *see also Emetoh v. FedEx Freight, Inc.*, No. 17-CV-7272-YGR, 2020 WL 6216763, at *6 (N.D.

24   Cal. Oct. 22, 2020) (Class counsel is entitled to reimbursement of reasonable out-of-pocket

25   ───────────────

     fee award that represented multiplier of 4.3). Thus, awarding here a negative multiplier of Class
26   Counsel's lodestar is eminently reasonable, and supports the 30% of the recovery sought here by
     Class Counsel.
27

28                                              11

expenses) (citing Fed. R. Civ. P. 23(h)); *Cunha v. Hansen Nat. Corp.*, No. EDCV 08-1249-GW(JCX), 2015 WL 12697627, at *5 (C.D. Cal. Jan. 29, 2015) ("[A] private plaintiff, or [its] attorney, whose efforts create, discover, increase or preserve a fund to which others also have a claim is entitled to recover from the fund the costs of [its] litigation….").

Here, Class Counsel's current expenses total $17,798.36. Lechtzin Decl. ¶ 30. Class Counsel's costs include reasonable out-of-pocket expenditures. Under the "common fund doctrine," "attorneys may recover their reasonable expenses that would typically be billed to paying clients in non contingency matters." *Cunha*, 2015 WL 12697627, at *5. *See also Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters). The expenses incurred in this litigation to date are described in the accompanying declarations of the law firms involved in this litigation. *See* Lechtzin Decl. ¶¶ 27-30; Feder Decl. ¶ 9.

These expenses are of the type typically billed by attorneys to paying clients in the marketplace and include such costs as mediation fees, expert fees, court costs, copying and printing costs, travel expenses, and computerized research. *See id*. These costs are routinely found to be reasonable and awarded reimbursement by courts in the Ninth Circuit. *See*, *e.g*., *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007) (awarding reimbursement for expenses for meals, hotels, and transportation; photocopies; telephone; filing fees; messenger and overnight delivery; online legal research; and mediation fees, which it found to be "reasonable and necessary").

All of these expenses were reasonable and necessary for the successful prosecution of this case. Further, no Settlement Class Member has objected to the request for costs. Lechtzin Decl. ¶ 29. Class Counsel therefore requests reimbursement of costs in the amount of $17,798.36.

**D.  The Court Should Approve Service Awards to the Named Plaintiffs**

"[N]amed Plaintiffs ... are eligible for reasonable incentive payments." *See Staton*, 327 F.3d at 977. The purpose of such awards is to "compensate class representatives for work done on behalf of the class [and] make up for financial or reputational risk undertaken in bringing the

The Law Office of Daniel Feder   235 Montgomery Street, Suite 1019 ◆ San Francisco, CA  94104

The Law Office of Daniel Feder
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA 94104

1    action..." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009). *See also Hubbard*

2    *v. RCM Techs. (USA), Inc.*, No. 19-CV-6363-YGR, 2021 WL 5016058, at *6 (N.D. Cal. Oct. 28,

3    2021) (same). Here, subject to the Court's approval, the enhancement payments of up to $5,000 for

4    each of the three Named Plaintiffs are intended to compensate Plaintiffs for the critical role they

5    played in this case, and the time, effort, and risks undertaken in helping secure the result obtained

6    on behalf of the Class Members. Lechtzin Decl. ¶ 32.

7         The amounts of the service awards are fair when compared to the payments approved in

8    similar cases by Courts in this District. *See*, *e.g.*, *Emetoh*, 2020 WL 6216763, at *6 (Gonzalez

9    Rogers, J.) (approving $7,500 service award, crediting "the substantial risk of litigation especially

10   given the employment context."); *Guidlbaud v. Sprint/United Management Co., Inc.*, No. 3:13-cv-

11   04357-VC-, ECF No. 181 (N.D. Cal. Apr. 15, 2016) (approving $10,000 service payments for each

12   class representative in FLSA and California state law wage and hour action); *Villalpando v. Exel*

13   *Direct Inc.*, No. 3:12-CV-04137-JCS, 2016 WL 7785852, at *2 (N.D. Cal. Dec. 9, 2016)

14   (approving $15,000 service awards to each of three class representatives in light of important

15   assistance, time and effort, and risks taken to represent the class). In evaluating the appropriateness

16   of service awards, courts may consider "relevant factors includ[ing] the actions the plaintiff has

17   taken to protect the interests of the class, the degree to which the class has benefitted from those

18   actions....the amount of time and effort the plaintiff expended in pursuing the litigation... and

19   reasonabl[e] fear[s of] workplace retaliation." *Staton*, 327 F.3d at 977 (citation omitted).

20        Here, each Named Plaintiff has expended substantial time assisting in the prosecution of

21   the claims, including providing valuable information and documents to counsel, assisting in the

22   drafting of pleadings, discussing the facts of the case with Class Counsel and responding to

23   discovery requests. *See* Declaration of Leslie Avant ("Avant Decl.") ¶¶ 4-7, Declaration of

24   Johnnye Duff ("Duff Decl.") ¶¶ 4-6, Declaration of Janelle Hernandez Avitia ("Avitia Decl.") ¶¶

25   4-6. Additionally, Plaintiff Avant attended two settlement conferences and Plaintiffs Duff and

26   Avitia attended one settlement conference. *See* Avant Decl. ¶ 8, Duff Decl. ¶ 7, Avitia Decl. ¶ 7.

27   The requested Service Awards are also reasonable in light of the reputational risk Named Plaintiffs

28
PLAINTIFFS' NOTICE MOTION AND MOTION FOR AWARD OF AWARD OF ATTORNEYS' FEES & EXPENSES
AND NAMED PLAINTIFFS' SERVICE AWARDS

took by publicly affiliating themselves with a lawsuit against their former employer. Plaintiffs'

efforts supports the service awards sought here. *See* Avant Decl. ¶¶ 9-12, Duff Decl. ¶¶ 8-10,

Avitia Decl. ¶¶ 8-10

The Service Awards should also be approved because the Notice of Settlement

disseminated to the Class Members outlined the amounts of the proposed service award, and to

date, no Class Members have objected. *See National Rural Telecommunications Cooperative*, 221

F.R.D. at 528–29. In addition, in evaluating proposed service awards, courts compare the overall

settlement benefits and the range of recovery available to the class members to the representative

plaintiff's proposed service award.[8] Here, the $15,000 amount of the proposed service award is

quite modest in comparison to the overall benefits of the settlement and recovery to the class,

representing a little over 1% (1.25%) of the total funds that the Defendants will expend to settle

this lawsuit. The modest amount of this requested service award in relation to the total Settlement

amount weighs in favor of its appropriateness.

Plaintiffs invested significant time and effort in litigating this case on behalf of the Class

Members through its successful resolution. The proposed service awards, to which no Class

Member has objected, should be finally approved.

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this Motion.

Date: October 10, 2023                              Respectfully Submitted,

                                                    */s/ Eric Lechtzin*
                                                    Eric Lechtzin (SBN: 248958)
                                                    **EDELSON LECHTZIN LLP**

---

[8] *See*, *e.g.*, *Staton*, 327 F.3d at 976–77; *Alberto v. GMRI, Inc.*, 252 F.R.D. 652, 669 (E.D. Cal. 2008). *See*, *e.g.*, *Alvarez v. Farmers Ins. Exch.*, No. 3:14-CV-00574-WHO, 2017 WL 2672710 (N.D. Cal. Jan. 17, 2017) (finding service awards of $10,000 each, which, in aggregate, "constitutes 1.8% of the total settlement value" to be reasonably proportional). The purpose of the inquiry is to ensure that the service awards have not compromised the ability of the representative plaintiffs to act in the best interest of the class. *Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1163 (9th Cir. 2013).

The Law Office of Daniel Feder ◆ San Francisco, CA 94104
235 Montgomery Street, Suite 1019

PLAINTIFFS' NOTICE MOTION AND MOTION FOR AWARD OF AWARD OF ATTORNEYS' FEES & EXPENSES
AND NAMED PLAINTIFFS' SERVICE AWARDS

411 S State Street, Suite N-300
Newtown, PA 18940
Telephone: (215) 867-2399
elechtzin@edelson-law.com

Daniel Feder (SBN 130867)
**LAW OFFICES OF DANIEL FEDER**
235 Montgomery Street, Suite 1019
San Francisco, CA 94104
Telephone: (415) 391-9476
daniel@dfederlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Law Office of Daniel Feder
235 Montgomery Street, Suite 1019 ◆ San Francisco, CA 94104